UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMANE HYMA PORTER, #518914,

        Petitioner,         Case No. 20-12967

v.         Stephanie Dawkins Davis
        U.S. District Judge

SCOTT YOKOM,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL, and DENYING MOTIONS FOR RELEASE AND TRANSFER (ECF Nos. 5, 6)**

**I.    Introduction**

Michigan prisoner Romane Hyma Porter ("Petitioner"), currently confined at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted of assault by strangulation or suffocation pursuant to a no contest plea in the Oakland County Circuit Court and was sentenced, as a third habitual offender, to five to 20 years imprisonment in 2017. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"),

http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=518914.  In his petition, he raises claims concerning the non-disclosure of evidence and the effectiveness of counsel.  *See* Pet., ECF No. 1, PageID.2.  For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.     Procedural History**

Following his conviction and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented.  *People v. Porter*, No. 350028 (Mich. Ct. App. Nov. 14, 2019).  He did not pursue a timely appeal with the Michigan Supreme Court.  Petitioner also filed motions to withdraw his plea and for re-sentencing in the Oakland County Circuit Court, all of which were denied.  *See People v. Porter*, Register of Actions, Oakland Co. Cir. Ct. Case No. 2016-261181-FH, https://courtexplorer/OaklandCounty/SearchCases/ViewAction?CaseNo=CX1XGPf1XeLb27pQROvGg%3D%3D (accessed on 12/14/20).[1]

---

[1] The latest motion for re-sentencing was filed and denied in June, 2020.  There is no indication that Petitioner appealed that decision.  *Id*.

Petitioner also sought habeas relief in the state courts. He filed an original habeas action in the Michigan Court of Appeals, which was dismissed without prejudice. *See Porter v. Oakland Cir. Ct. Judge*, No. 347186 (Mich. Ct. App. Feb. 20, 2019). He also filed a state habeas petition in the Oakland County Circuit Court, which was dismissed in November/December, 2019. *See Porter v. Michigan. Dep't of Corr.*, Register of Actions, Oakland Co. Cir. Ct. Case No. 2019-177653-AH, https://courtexplorer/OaklandCounty/SearchCases/ViewAction?CaseNo=3OYBBaAYelinZla3%2BKZj7Q%3D%3D (accessed on 12/14/20). Petitioner indicates that he filed a state habeas petition in the Sanilac County Circuit Court (while confined at the Sanilac County Jail), which had filing deficiencies, *see People v. Porter*, No. 19-177653-AH (Sanilac Co. Cir. Ct. Aug. 11, 2020); Pet. Attach, ECF No. 1, PageID.9 (last page of order), and was scheduled for a Zoom call in September, 2020. *Id*. at PageID.8.[2]

Petitioner dated his federal habeas petition on October 19, 2020.

---

[2] Given that Petitioner is no longer confined in Sanilac County, the Sanilac County Circuit Court no longer has jurisdiction in a state habeas action. *See* Mich. Ct. R. 3.303.

3

**III. Analysis**

    A.    <u>Exhaustion Under § 2254</u>

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly

presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to meet this burden. First, he does not indicate whether he raised his current habeas claims on direct appeal in the Michigan Court of Appeals. Second, it appears that, even if he did raise those claims in the Michigan Court of Appeals, he did not complete the direct appeal process by seeking leave to appeal with the Michigan Supreme Court – and the time limit for doing so has expired. *See* Mich. Ct. R. 7.305(C)(2)(a). It is also unclear whether Petitioner raised any of his current habeas claims in his motions to withdraw his plea or for re-sentencing, and there is no indication that he appealed those decisions to the state appellate courts aside from his incomplete direct appeal. Petitioner thus fails to establish

that he has exhausted state court remedies as to his habeas claims.

Petitioner seems to assert that exhaustion of his claims in the state courts would be futile because his state habeas petitions have been delayed or denied. Petitioner fails to indicate whether he raised his current habeas claims in those state actions. Nonetheless, he has a remaining available state court remedy to challenge his conviction and sentence which must be exhausted before he seeks federal habeas review. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through both of the state appellate courts as necessary. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal

court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner does not request a stay nor indicate that his circumstances justify a stay. Moreover, a stay is inappropriate. None of Petitioner's habeas claims are exhausted. The Court cannot ordinarily stay a petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See White v. Winn*, No. 2:16-CV-13177, 2017 WL 1532266, *2 (E.D. Mich. April 25, 2017) (citing cases); *Hines v. Romanowski*, No. 2:14-CV-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan. 4, 2007) (finding a stay inappropriate "because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to a petition alleging only unexhausted claims); *United States v.*

*Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006); *McDonald v. Bell*, No. 1:06-cv-406, 2009 WL 1525970 (W.D. Mich. June 1, 2009); *Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D. Ohio March 31, 2009); *Murphy v. Feneis*, No. 07-153, 2007 WL 2320540, *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims."). Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

    B.    <u>Motions for Relief Based on COVID-19 (ECF Nos. 5,6)</u>

Petitioner has filed a motion for immediate release based on an outbreak of COVID-19 at the facility where he is housed and a motion for transfer to a Veteran's Administration Hospital to be treated for COVID-19. (ECF Nos. 5, 6). Petitioner must, however, satisfy the exhaustion requirement before a federal court can address such claims. *See Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 237 (6th Cir. 2006); *see also Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012). Petitioner fails to meet this burden. He neither alleges nor establishes that he has exhausted available remedies in the state courts. Petitioner has at least one available procedure by which to raise the

issues presented in his motions. For example, he may be able to file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq*. with the state trial court if he has not already done so. *See* Mich. Ct. R. 6.502(G)(1) (allowing for filing one such motion after August 1, 1995). He may also be able to file a state habeas petition in that he seeks a determination on the legality of his continued confinement. *See Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). He may also be able to seek relief, even release, by civil action in state court for unconstitutional conditions of confinement. *See Kent Co. Prosecutor v. Kent Co. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). There may also be an administrative remedy for requesting release or alternative custody by filing a grievance within the Michigan Department of Corrections. Petitioner thus has at least one available state remedy that must be exhausted before proceeding in federal court. *See, e.g., Sewell v. Brown*, No. 2:20-CV-77, 2020 WL 3542154, *3-4 (W.D. Mich. June 30, 2010) (discussing available remedies and dismissing similar § 2241 habeas petition).

The Court notes that a petitioner's failure to exhaust state court remedies may be excused if "there is an absence of State corrective process" or if

"circumstances exist that render such process ineffective" to protect his or her rights. 28 U.S.C. § 2254(b)(1)(B). Petitioner does not assert that there is an absence of state corrective process, nor does he assert that present circumstances have rendered state remedies ineffective. Although the COVID-19 pandemic has had an undeniable impact on all aspects of society, including delaying court proceedings, there is no indication that Petitioner cannot obtain relief in the state courts. *See, e.g., Money v. Pritzker*, 2020 WL 1820660, *21 (N.D. Ill. April 10, 2020) (holding that exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]").

To the extent that Petitioner asserts that prison officials are not taking appropriate steps to protect him from COVID-19 in prison but does not seek release from custody, his request is not properly brought under § 2254. Rather, a claim under 42 U.S.C. § 1983 is the appropriate remedy for a state prisoner challenging a condition of his imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Accordingly, the Court dismisses any such claims without prejudice to the filing of a civil rights action. The Court makes no determination as to the merits of any such action.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted his habeas claims in the state courts before seeking federal habeas review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims. Additionally, petitioners motions are **DENIED** based on his failure to exhaust his state court remedies.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal of this decision cannot be taken in

11

good faith. Fed. R. App. P. 24(a). Accordingly, the Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is closed.

    **IT IS SO ORDERED**.

Dated: January 13, 2021            s/Stephanie Dawkins Davis
                                             Stephanie Dawkins Davis
                                             United States District Judge